| | |
|---|---|
| 1 | LESLIE H. HELMER, CA Bar No. 150296 |
| 2 | leslie.helmer@ogletree.com<br>GINA M. TETORAKIS, CA Bar No. 311346 |
| 3 | gina.tetorakis@ogletree.com<br>OGLETREE, DEAKINS, NASH, |
| 4 | SMOAK & STEWART, P.C.<br>400 South Hope Street, Suite 1200 |
| 5 | Los Angeles, CA  90071<br>Telephone:  213-239-9800 |
| 6 | Facsimile:   213-239-9045 |
| 7 | Attorneys for Defendant |
| 8 | WALGREEN CO. erroneously sued as<br>WALGREEN CO. D/B/A WALGREENS BOOTS |
| 9 | ALLIANCE |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROSARIO MARTINEZ, an individual;<br><br>Plaintiff,<br><br>v.<br><br>WALGREEN CO. D/B/A WALGREENS BOOTS ALLIANCE, a corporate entity for unknown; and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 5:22-cv-02064<br><br>**DEFENDANT WALGREEN CO.'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**<br><br>[Filed concurrently with Civil Cover Sheet; Declaration of Joseph Amsbary in Support of Removal; Declaration of Christina Paulausky in Support of Removal; Certification of Interested Parties and Disclosure Statement; and Notice of Related Cases]<br><br>Complaint Filed: July 29, 2022<br>Trial Date:       None<br>District Judge:   Hon. _____<br>                  Courtroom __, _____<br>Magistrate Judge: Hon. _____<br>                  Courtroom __, _____ |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF ROSARIO MARTINEZ AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT defendant Walgreen Co., erroneously sued as Walgreen Co. d/b/a Walgreens Boots Alliance ("Defendant" or "Walgreens"), by and through the undersigned counsel, hereby removes the above-entitled action from the Superior Court of the State of California for the County of Riverside to the United States District Court for the Central District of California pursuant to 28 U.S.C. Sections 1332 and 1441(b) on the grounds that there is complete diversity of citizenship between Plaintiff Rosario Martinez ("Plaintiff" or "Martinez"), citizen of the State of California, and Defendant, a citizen of the State of Illinois; that the amount in controversy exceeds the jurisdictional minimum of $75,000 set forth in section 1332(a); and that the foregoing facts were true at the time the Complaint in this matter was filed and remain true as of the date of the filing of this Notice of Removal, as more fully set forth below on the following grounds:

## Timeliness of Removal

1.  On or about July 29, 2022, Plaintiff filed an action against Defendant entitled "Rosario Martinez, an individual, Plaintiff vs. Walgreen Co. d/b/a Walgreens Boots Alliance, a corporate entity form unknown, and DOES 1-50 inclusive, Defendants," in the Superior Court of the State of California County of Riverside; Case Number CVRI2203151.  Attached hereto as "**Exhibit 1**" is a true and correct copy of the Summons and Complaint ("Complaint"), as well as documents accompanying the Summons and Complaint that were served on Defendant.

1.  The Complaint alleges claims for: (1) Discrimination in Violation of Gov. Code § 12940 *et seq.*; (2) Failure to Accommodate in Violation of Gov. Code § 12940(m); (3) Failure to Engage in Interactive Process in Violation of Gov. Code § 12940(n); (4) Age Discrimination in Violation of Gov. Code § 12940 *et seq.*; (5) Gender Discrimination in Violation of Gov. Code § 12940 *et seq.*; (6) Sexual

Harassment;  (7) Failure to Prevent Discrimination in Violation of Gov. Code § 12940(k); (8) Retaliation in Violation of Gov. Code §12940(h); (9) Meal and Rest Break Violations of Labor Code §226.7; (10) Failure To Pay Overtime & Wages; (11) Failure To Provide Employment Records in Violation of Cal. Labor Code §1198.5 *et seq.*; (12) Violation of Business & Professions Code§ 17200 *et seq. See* Complaint.

2. On November 14, 2022, Defendant filed and served its Answer to the Complaint in the Superior Court of the State of California, County of Riverside.  A true and correct copy of Defendant's Answer is attached hereto as "**Exhibit 2**." Defendant will file a conformed copy of the Answer with the Court upon receipt.

3. Attached as "**Exhibit 3**" is a true and correct copy of the Notice of Service of Process, showing that the Summons, Complaint, Civil Case Cover Sheet and other documents were served on Defendant on October 27, 2022.

4. Attached as "**Exhibit 4**" is a true and correct copy of Plaintiff's Statement of Punitive Damages [CCP §425.115] dated October 12, 2022 and served on Defendant on October 27, 2022.

5. Exhibits 1 through 4 to this Notice of Removal constitute all pleadings, process and orders served in this action at the time of removal.

6. This Notice of Removal is being filed within thirty (30) days after service on this Defendant of the initial pleading setting forth the claims for relief upon which Plaintiff's action is based.  Therefore, this Notice is timely filed under 28 U.S.C. § 1446(b).

7. The Complaint also names as defendants "DOES 1-50." Defendant is informed and believe and on that basis allege that none of the fictitiously-named defendants have been served with a copy of the Summons and Complaint. Therefore, the fictitiously-named defendants are not parties to the above-captioned action and need not consent to removal. *See* 28 U.S.C. § 1441(b)(1); *Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("Does" defendants need

not be joined in a removal petition).

## Diversity Jurisdiction Lies Over This Action

8.  This is a civil action of which this Court has original diversity jurisdiction under 28 U.S.C. section 1332, and is properly removable pursuant to the provisions of 28 U.S.C. sections 1441(a) and (b), because it is a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states, as set forth below.

## Complete Diversity Of Citizenship Exists Between Plaintiff And Defendant

9.  <u>Plaintiff's Citizenship</u>.  Complete diversity of citizenship exists in this action.  For diversity purposes, the citizenship of a natural person is determined by his/her state of domicile. *Kanter v. Warner-Lambert* Co., 265 F.3d 853, 857 (9th Cir. 2001).  Plaintiff is a citizen of Riverside County, State of California (**Exhibit 5**, Christina Paulausky Decl. ¶2.)

10.  <u>Walgreens' Citizenship</u>.  Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." *See* 28 U.S.C. § 1332(c).  For the reasons set forth below, Walgreens is not now, and was not at the time of the filing of the State Action, a citizen of the State of California.  (**Exhibit 6**, Joseph B. Amsbary Decl. ¶¶ 2,3.)

11.  Walgreens is now, and ever since this action commenced, has been incorporated under the laws of the State of Illinois, with its principal place of business in Illinois.  (Ex. 6 Joseph B. Amsbary Decl. ¶ 3.)  Under the "nerve center test," a principal place of business refers to "the place where a corporation's officers direct, control, and coordinate the corporation's activities." *See Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("principal place of business" means "the place where a corporation's officers direct, control, and coordinate the corporation's activities."). Because Walgreens' corporate headquarters and executive offices are located in Deerfield, Illinois where its high level officers direct, control, and

coordinate the Company's activities, Walgreens' principal place of business or "nerve center" is in Deerfield, Illinois. (Ex. 6, Joseph B. Amsbary Decl. ¶ 3.) Accordingly, Walgreens is, and has been at all times since this action commenced, a citizen of the State of Illinois. As a result, Walgreens is not now, and was not at the time of the filing of the State Action, a citizen of the State of California for removal purposes.

12. <u>Does' Citizenship</u>. Pursuant to 28 U.S.C. section 1441(b)(1), the citizenship of defendants sued under fictitious names shall be disregarded for purposes of establishing removal jurisdiction under 28 U.S.C. section 1332. *See* 28 U.S.C. § 1441(b)(1); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690-691 (9th Cir. 1998) (in determining whether diversity of citizenship exists, only the named defendants are considered). Thus, the existence of Doe Defendants 1-10, does not deprive this Court of jurisdiction.

13. Accordingly, complete diversity of citizenship exists between Plaintiff and Defendant.

## The Alleged Amount In Controversy Exceeds $75,000

14. While Defendant denies any liability as to Plaintiff's claims, the amount in controversy in this action exceeds the sum of $75,000. Plaintiff alleges, *inter alia*, that during her employment as an hourly employee, Walgreens discriminated and retaliated against her on the basis of her alleged disability and/or perceived disability, her age and her gender, sexually harassed her, retaliated against her in connection with her resistance to her alleged sexual harassment, request for accommodation, meal and rest breaks, proper compensation, filing/perceived filing for workers' compensation, and complaints against defendant, failed to comply with the rest and meal period requirements, failed to pay Plaintiff's overtime and wages, failed to provide employment records, violated Business and Professions Code § 17200 et seq., failed to accommodate Plaintiff's disability, and failed to engage in the interactive process. (Ex. 1, Compl., ¶ 1-158.)

15. To satisfy the amount in controversy of $75,000, exclusive of interest and costs, is not "daunting," as courts in this Circuit recognize that a removing defendant is not obligated to "research, state and prove the plaintiff's claim for damages." *Muniz v. Pilot Travel Centers LLC*, 2007 U.S. Dis. LEXIS 31515, *7 (E.D. Cal., April 30, 2007). Defendant needs only "provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds" $75,000. *Guglielmino v. McKee Foods Corp.*, 56 F.3d 696, 699 (9th Cir. 2007). Thus, "[o]nce the proponent of jurisdiction has set out the amount in controversy, only a 'legal certainty' that the judgment will be less forecloses federal jurisdiction." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 447 (7th Cir. 2005).

16. The amount in controversy is determined from the allegations or prayer of the complaint. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (inability to recover an amount adequate to give court jurisdiction does not show bad faith or out court of jurisdiction). If the complaint does not, on its face, reflect the amount in controversy, the Court may consider facts from the removal petition, as well as evidence submitted by the parties, relevant to the amount in controversy at the time of removal. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997).

17. Plaintiff alleges she was injured while performing tasks within the course and scope of her employment with Walgreens on or about July 14, 2020. (Ex. 1, Compl., ¶ 11.) Plaintiff claims that as a result, she suffered actual, consequential, and incidental damages, including but not limited to, loss of wages, salary, benefits, potential advancement and additional amounts of money in an amount subject to proof at trial but no less than three-hundred thousand dollars ($300,000). (Ex. 1, Compl., ¶¶ 27, 42, 57, 74, 88, 81, 102, and Prayer for Relief ¶1.)

18. At the time Plaintiff's injury started, Plaintiff's rate of pay was $19.75 per hour (Ex. 1, Compl., ¶10). Her annual salary, even without overtime pay, was approximately $41,080.00 (*i.e.*, $19.75 x 40 x 52). Plaintiff's current rate of pay is

$21.50 per hour (Ex. 5, Christina Paulausky Declaration, ¶3). Her annual salary, even without overtime pay, is approximately $44,720.00 per year (*i.e.*, $21.50 x 40 x 52).

19.     Plaintiff claims she has suffered "emotional distress and physical illness in an amount unknown, but according to proof at trial". (Ex. 1, Compl. ¶¶ 28, 43, 58, 75, 89, 110, 112, 119.)  Although Defendant denies any liability to Plaintiff for embarrassment, humiliation, and mental and emotional distress and discomfort, these alleged damages must be included when calculating the amount in controversy.  *See Ajimatanrareje v. Metro. Life Ins. Co.*, 1999 U.S. Dist. LEXIS 7339, *4 (N.D. Cal. 1999) (emotional distress damages "may be considered in the amount in controversy").

20.     Plaintiff seeks attorneys' fees.  (Ex. 1, Compl., ¶¶ 35, 50, 65, 80, 94, 114, 121, 141, 150, Prayer for Relief, ¶ 6.)  Although Defendant denies any liability to Plaintiff for attorneys' fees, claims for attorneys' fees are properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity jurisdiction.  *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in amount in controversy); *Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (attorneys' fees included in determining jurisdictional amount).

21.     Plaintiff claims she is entitled to punitive damages.  (Ex. 1, Compl. ¶¶ 34, 49, 64, 113, 120, Prayer for Relief ¶ 5; Ex. 4, Plaintiff's Statement of Punitive Damages "Plaintiff Rosario Martinez reserves the right to seek $100,000.00 in punitive damages.")  Although Defendant denies any liability to Plaintiff for punitive damages, these damages are included when calculating the amount in controversy. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007) (the "amount-in-controversy requirement excludes only 'interests and costs.'").

22.     Based upon the foregoing, the amount in controversy in this action exceeds the jurisdictional minimum of $75,000.

23. For these reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. section 1332, and which may be removed to this Court by Defendant pursuant to 28 U.S.C. section 1441 based on diversity jurisdiction.

**Pleadings And Process**

24. <u>Parties</u>: Defendant brings this Notice of Removal on its own behalf.

25. <u>Pleadings</u>: On November 14, 2022, Defendant filed an Answer in the State Action. (*See* Ex. 2.)

26. <u>Proper Court</u>: Removal to this Court is proper under 28 U.S.C. section 1441(a) because the Superior Court of California, in and for the County of Riverside, is geographically located within this Court's district and division.

27. <u>Notice</u>: Defendant is serving a copy of this Notice of Removal on all adverse parties and filing a copy with the clerk of the state court pursuant to 28 U.S.C. § 1446(d). A true and correct copy of the Notice to Adverse Parties and State Court of Removal, without exhibit, is attached to this Notice as **Exhibit 7**.

28. <u>Signature</u>: This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

29. By removing on the basis of diversity jurisdiction, Defendant does not concede or make any admissions relating to the merit and/or value of Plaintiff's allegations, claims or damages. Defendant denies the material allegations contained in the Complaint, generally and specifically.

WHEREFORE, Defendant respectfully requests that the State Action be removed from the state court in which it was filed to the United States District Court, in and for the Central District of California, and further requests that this Honorable Court issue all necessary orders and process and grant such other and further relief as in law and justice that Defendant may be entitled to receive.

| | | |
|---|---|---|
| 1 | DATED: November 21, 2022 | OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C. |
| 2 | | |
| 3 | | |
| 4 | | By: /s/ Leslie H. Helmer |
| 5 | | Leslie H. Helmer |
| | | Gina M. Tetorakis |
| 6 | | |
| 7 | | Attorneys for Defendant |
| | | WALGREEN CO. erroneously sued as |
| 8 | | WALGREEN CO. D/B/A WALGREENS BOOTS ALLIANCE |